IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CATHERINE POLCH,** | **CASE NO. 1:20-CV-01436** |
| Plaintiff, | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **PAUL F. VANEK, JR., M.D., INC., et al.,** | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | |

This matter comes before the Court upon the parties' Joint Motion to Approve Settlement Agreement and Dismiss Claims with Prejudice ("Motion to Approve Settlement"). (Doc. Nos. 8, 9.)[1] For the following reasons, the parties' Motion to Approve Settlement is DENIED WITHOUT PREJUDICE.

I. **Background**

On June 29, 2020, Plaintiff Catherine Polch ("Polch") filed the instant action against Defendants Paul F. Vanek, Jr., M.D., Inc. and Paul F. Vanek, Jr. (collectively, "Defendants"). (Doc. No. 1.) In her Complaint, Polch alleges that Defendants failed to properly compensate her at a rate not less than one and a half times her regular rate of pay for work performed in excess of forty hours in a work week in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Ohio law. (*Id.* at ¶¶ 62-79.)

---

[1] The parties filed the same Motion to Approve Settlement on both October 1, 2020 and October 16, 2020. (Doc. Nos. 8, 9.) For ease of reference, the Court will refer to the parties' Motions as a singular Motion to Approve Settlement and only cite to the first-filed document.

On September 29, 2020, the parties advised the Court that they had reached a settlement, and, two days later, filed their Motion to Approve Settlement. (Doc. No. 8.) Therein, pursuant to the FLSA, the parties seek the Court's approval of their Confidential Settlement Agreement and Release of All Claims (the "Settlement Agreement") as fair and reasonable. (*Id.* at 1-2.) The parties indicate that they "intend to have the Settlement Agreement remain strictly confidential and not become part of the public record." (*Id.* at 2.) However, they offered to provide the Settlement Agreement to the Court for *in camera* review. (*Id.*) Upon the Court's request, the parties submitted the Settlement Agreement to the Court on October 16, 2020.

## II.  Analysis

The Sixth Circuit has made it clear that there is a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* In addition, this burden "is a heavy one: 'Only the most compelling reasons can justify nondisclosure of judicial records.'" *Id.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.*

"In most cases, settlement agreements are not judicial documents that require preservation of public access." *Altier v. A Silver Lining LLC*, No. 2:17-cv-599, 2017 WL 10402564, at *1 (S.D. Ohio Nov. 15, 2017). As numerous courts have recognized, however, FLSA cases are different. *E.g.*, *id.*; *Camp v. Marquee Constr., Inc.*, No. 2:18-CV-831, 2020 WL 59517, at *1 (S.D. Ohio Jan. 6, 2020);

2

*Smolinski v. Ruben & Michelle Enterprises Inc.*, No. 16-cv-13612, 2017 WL 835592, at *1 (E.D. Mich. Mar. 3, 2017). Indeed, "[t]hose courts that have expressly considered the question have held overwhelmingly, if not unanimously, that the presumption of public access applies to FLSA settlements." *Smolinski*, 2017 WL 835592, at *1 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 3d 332, 340 (S.D.N.Y. 2012).

This presumption of public access is supported by two rationales. First, "any settlement under the FLSA must be approved by the Court." *Altier*, 2017 WL 10402564, at *1. As such, public access is supported by "the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement." *Id.* (quoting *Hens v. Clientlogic Operating Corp.*, No. 05–cv–381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010); *see also Smolinski*, 2017 WL 835592, at *1 ("Court approval of a FLSA settlement agreement is viewed as a 'judicial act' that subjects the agreement to the same presumption of public access as any 'judicial document.'"). Second, public access to FLSA settlements is also supported by "the 'private-public character' of employee rights under the FLSA, whereby the public has an 'independent interest in assuring that employees' wages are fair and thus do not endanger the national health and well-being.'" *Altier*, 2017 WL 10402564, at *1 (quoting *Hens*, 2010 WL 4340919, at *2).

Thus, where, as here, parties seek to keep their FLSA settlement confidential, they must overcome the strong presumption in favor of public access. *See, e.g.*, *Camp*, 2020 WL 59517, at *1; *see also Farris v. Communicare Health Services, Inc.*, No. 1:16 CV 1055, 2016 U.S. Dist. LEXIS 173583, at *2 (N.D. Ohio Dec. 15, 2016). This is not an easy task, as "[a]bsent an 'extraordinary reason,' such settlement agreements should not be sealed." *Camp*, 2020 WL 59517, at *1; *see also Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-cv-386, 2017 WL 5068444, at *1 (S.D. Ohio

3

July 24, 2017) ("The public has a keen interest in the outcome of FLSA litigation, and as such, 'sealing a FLSA settlement rarely, if ever, will be shown to outweigh the public right to access of judicial documents.'") (quoting *Smolinski*, 2017 WL 835592, at *3).

Relatedly, some courts also have held that "[a] confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1031 (W.D. Tenn. 2016) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)). This is because "[c]onfidentiality agreements arguably impair the right of employees to engage in their own protected activity and at the same time advise co-workers about their own rights under the FLSA, both of which run counter to the letter and the spirit of the statute." *David v. Kohler Co.*, No. 1:15-cv-01263-STA-jay, 2019 WL 6719840, at *5 (W.D. Tenn. Dec. 10, 2019). For example, "[e]mployees with firsthand knowledge and experience of the FLSA might be the most obvious source of information about the Act for their co-workers." *Id.* However, "if they are bound to keep that knowledge to themselves because of a preexisting agreement, they will be prevented from counseling or assisting co-workers in their own protected activity." *Id.*

Here, the parties have requested that the Court approve their Settlement Agreement—which includes a confidentiality provision—after *in camera* review, rather than filing their Settlement Agreement publicly. (Doc. No. 8 at 2.) However, the only rationale offered in support of their request is that they "intend to have the Settlement Agreement remain strictly confidential and not become part of the public record." (*Id.*) This is insufficient to justify depriving the public of access to a settlement under the FLSA. *See Altier*, 2017 WL 10402564, at *2 ("[T]he parties' 'intention' that

4

the agreement remain confidential is not an extraordinary reason sufficient to overcome the strong presumption of public access to FLSA settlements, and is certainly not sufficient to permit the Court to 'set forth specific findings and conclusions which justify nondisclosure to the public.'") (citation omitted); *see also Snook v. Valley OB-GYN Clinic, P.C.*, No. 14–cv–12302, 2014 WL 7369904, at *3 (E.D. Mich. Dec. 29, 2014) ("Generally, courts have 'roundly rejected' the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access."). Accordingly, the parties' Motion to Approve Settlement will be denied.

### III. Conclusion

For the reasons set forth above, the parties' Motion to Approve Settlement (Doc. Nos. 8, 9) is DENIED WITHOUT PREJUDICE. By November 13, 2020, the parties shall either (1) file on the public docket a renewed motion for approval and a revised settlement agreement omitting the confidentiality provision; (2) file a renewed motion for approval of their confidential Settlement Agreement that addresses the standards discussed above regarding the sealing of FLSA settlement agreements and the enforceability of confidentiality provisions within FLSA settlement agreements; or (3) file a joint notice advising the Court that the parties have withdrawn from the settlement and the Court should proceed with this litigation.

**IT IS SO ORDERED.**

Date:  October 30, 2020

  *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE